UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-CR-76-JMC |
| ) | |
| **CORTNEY MERRITTS,** ) | |
| Defendant. ) | |

**MOTION TO DISMISS THE INDICTMENT**
**PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12**

Defendant Cortney Merritts ("Merritts"), by and through undersigned counsel, Justin K. Gelfand and Gregory P. Bailey and the law firm Margulis, Gelfand, DiRuzzo & Lambson, respectfully moves this Court to dismiss the Indictment. (Doc. 1).

Specifically, Counts One and Two of the indictment fail as a matter of law, pursuant to the Fifth and Sixth Amendments to the Constitution and Federal Rules of Criminal Procedure 12(b)(3)(B)(i) and 12(b)(3)(B)(iii), because they are impermissibly duplicitous and lack specificity.

**I.     Relevant Background**

On March 20, 2025, Merritts was charged in an indictment with two counts of wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1). The indictment also contains a forfeiture allegation. Merritts has pled not guilty to each count and has denied the forfeiture allegation.

In the indictment, the following wire communications are referenced:

a. Paragraph 8 – April 30, 2020 – "submitted and caused to be submitted an application to the SBA for an EIDL;"

b. Paragraph 12 – May 30, 2020 – "electronically signed the SBA Loan Authorization and SBA Loan Note for an EIDL loan;"

c. Paragraph 13 – July 3, 2020 – "SBA representative spoke with MERRITTS;"

d. Paragraph 14 – July 3, 2020 – "SBA transmitted $8,500 to a NFCU bank account;"

e. Paragraph 16 – July 13, 2020 – "SBA transmitted a further $6,000, representing the EIDL loan advance, to MERRITTS' NFCU bank account;"

f. Paragraph 24 – July 8, 2020 – "submitted and caused to be submitted an application to the SBA for an EIDL loan;"

g. Paragraph 27 – April 22, 2021 – "submitted and caused to be submitted an application for a PPP loan;"

h. Paragraph 29 – No Date – "submitted and caused to be submitted a false and fraudulent 2020 Form 1040 Schedule C;"

i. Paragraph 32 – April 29, 2021 – "signed and executed loan documents . . . and the SBA Note for a PPP loan;"

j. Paragraph 33 – May 12, 2021 – "$20,832 in PPP loan proceeds was disbursed to MERRITTS' NFCU bank account;"

k. Paragraph 35 – July 11, 2022 – "submitted and caused to be submitted a SBA Form 3508S, PPP Loan Forgiveness Application (Form 3508S), seeking loan forgiveness for his PPP loan;"

l. Paragraph 37 – July 8, 2020 – "submitted an EIDL application over the internet;" and

m. Paragraph 37 – April 22, 2021 – "submitted a PPP loan application over the internet."

(Doc. 1).

## II.   Counts One and Two Fail to Provide Merritts With Required Notice of the Charges he Must Defend Against

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. Amend. VI. An indictment is required to "be a

2

plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 12 of the Federal Rules of Criminal Procedure states that pretrial motions to dismiss the indictment are proper when there are defects including: (i) duplicity and (iii) lack of specificity. Fed. R. Crim. P. 12(b)(3)(B)(i) and (iii).

Requiring a facially valid indictment is intended to guarantee two core constitutional protections: (1) notice under the Sixth Amendment, *see Russell v. United States*, 369 U.S. 749, 763-64 (1962) (one purpose of the indictment is to "sufficiently apprise[] the defendant of what he must be prepared to meet"); and (2) protection against abusive criminal charging practices and double jeopardy under the Fifth Amendment, *see United States v. Hitt*, 249 F.3d 1010, 1015-16 (D.C. Cir. 2001) ("an indictment must . . . enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense") (internal quotation omitted); *United States v. Saffarinia*, 424 F. Supp. 3d 46, 57 (D.D.C. 2020) ("specifically, [the Fifth Amendment] guarantees that a criminal defendant can only be prosecuted for offenses that a grand jury has actually passed up on"). "The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge as stated in the indictment." *United States v. Conlon*, 628 F.2d 150, 155 (D.C. Cir. 1980).

When considering this motion, the Court must merely "review the sufficiency of the government's pleadings," not opine on the "sufficiency of the government's evidence." *Saffarinia*, 424 F. Supp. 3d at 57. While a Court "assumes the truth of those factual allegations" contained in an indictment when considering a motion to dismiss, *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015), "[a]dherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." *Hitt*, 249 F.3d at 1016. This is critical because the right

3

at issue in this motion does not turn on the evidence presented during trial—it turns on the Fifth Amendment's grand jury right. In this capacity, the United States District Court for the Southern District of Ohio explained why the Court should not "conflate[] the standards applicable to an appellate review for erroneous jury instructions, with the fundamental requirement that an indictment actually allege an offense." *United States v. Ogbazion*, No. 3:15-CR-104, 2016 WL 6070365, at *19–20 (S.D. Ohio Oct. 17, 2016). That court explained:

> Where prosecutors properly charge a defendant by way of a valid indictment, proceed to trial, and present ample evidence at trial as to an essential element of the offense, such that no reasonable juror could have found otherwise, then omission of the element from the jury instructions, while still erroneous, is effectively harmless. The same cannot be said, however, where the indictment itself fails to allege an element of the offense. This is so because, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ...." U.S. Const. amend. V. To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

*Id*.

"The elements of wire fraud are (1) formation of a scheme to defraud, [to get money or property,] and (2) use of interstate wire communication to further that scheme." *United States v. Barrow*, 109 F.4th 521, 526 (D.C. Cir. 2024) (internal quotation omitted). The second element is of particular importance because "Section 1343 targets not the defendant's creation of a scheme to defraud, but the defendant's *execution* of a scheme to defraud. To that end, it punishes *each* interstate wire transmission that carries out that scheme." *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008) (emphasis in original). As noted by the court in the District of New Jersey, "courts that have previously addressed this issue have held that each use of the wires constitutes a separate offense under 18 U.S.C. § 1343." *Giblin v. United States*, 2010 WL 3039992, at *7-8 (D.

4

N.J. Aug. 3, 2010) (holding that wire fraud is not a continuing offense and any suggestion that it might be is untenable) (*citing Williams*, 527 F.3d at 1241; *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001); *United States v. Luongo*, 11 F.3d 7, 9 (1st Cir. 1993); *United States v. Alston*, 609 F.2d 531, 535-36 (D.C. Cir. 1979); *United States v. Calvert*, 523 F.2d 895, 914 (8th Cir. 1975); *Henderson v. United States*, 425 F.2d 134, 138 n.4 (5th Cir. 1970)).

The indictment in this case is facially invalid. It charges two counts of wire fraud but lists eleven separate wire transmissions in the charging language.[1] This is both duplicitous and lacks the specificity required under the Constitution for an indictment. Because of these defects, both Constitutional principles of a proper indictment have been violated. First, Merritts has not received adequate notice under the Sixth Amendment to be able to adequately prepare a defense for the charged conduct. Second, Merritts, and this Court, cannot know which wire listed in the charging language was considered by the grand jury to be the operative wire for Count One or Two, in violation of his Fifth Amendment protections to be charged by the grand jury and negating any future ability to claim a violation of double jeopardy for this same conduct.

### III.    Conclusion

Based on the foregoing, this Court should dismiss the Indictment because it is impermissibly duplicitous and lacks specificity.

//

//

//

//

---

[1] The charging language is the entire indictment because Counts One and Two incorporate by reference all other paragraphs in the indictment. (Doc. 1).

        Respectfully submitted,

        **Margulis Gelfand DiRuzzo & Lambson, LLC**

        <u>*/s/ Justin K. Gelfand*</u>
        JUSTIN K. GELFAND (D.C. Bar 90023996)
        GREGORY P. BAILEY (D.C. Bar 1781925)
        1325 G St., NW, Suite 500
        Washington, DC 20005
        Telephone: 314.390.0234
        Facsimile: 314.485.2264
        justin@margulisgelfand.com
        greg@margulisgelfand.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the Clerk of Court and that all counsel of record received notice.

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND (D.C. Bar 90023996)
GREGORY P. BAILEY (D.C. Bar 1781925)
1325 G St., NW, Suite 500
Washington, DC 20005
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
greg@margulisgelfand.com
