UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   No. 1:25-CR-76-JMC |
| | ) |
| CORTNEY MERRITTS,<br>    Defendant. | )<br>)<br>) |

### MOTION TO DISMISS THE INDICTMENT
### FOR SELECTIVE PROSECUTION

Defendant Cortney Merritts ("Merritts"), by and through his undersigned counsel, Justin K. Gelfand and Gregory P. Bailey and the law firm Margulis, Gelfand, DiRuzzo & Lambson, respectfully moves this Court to dismiss the indictment for selective prosecution. (Doc. 1). *In the alternative*, Merritts moves this Court to compel production of discovery related to: (1) the review, approval or declination, and presentation of charges against Merritts; and (2) the review, approval or declination, and presentation of charges of others for PPP or EIDL fraud with losses less than $30,000. Merritts further moves, following production of that discovery, for the Court to set an evidentiary hearing on this motion to dismiss.

*Introduction*

It has become an increasingly familiar concern: weaponization of the U.S. Department of Justice influenced by politics instead of justice. But the most fundamental precepts of our criminal justice system demand otherwise. "Justice requires that 'like cases be treated alike' and that 'there not be one rule for Democrats and another for Republicans.'" *United States v. Judd*, 579 F. Supp. 3d 1, 9 (D.D.C. 2021) (quoting Attorney General Merrick Garland, Remarks to DOJ Employees on His First Day, Mar. 11, 2021). Indeed, this commitment to keeping politics out of prosecutorial decisions was reinforced by Attorney General Pam Bondi on January 15, 2025: "If confirmed, I

will fight every day to restore confidence and integrity to the Department of Justice and each of its components. The partisanship, the weaponization will be gone. America will have one tier of justice for all."

Yet here we are. Cortney Merritts is married to former Congresswoman Cori Bush, a Democrat who served as the U.S. Representative for Missouri's 1st congressional district from 2021 to 2025. Congresswoman Bush made waves as an outspoken Democrat as she was a member of the group known as "the Squad" in the U.S. House of Representatives. She was also the subject of a federal investigation into her campaign's spending on security services provided by Merritts. After that investigation was completed, the U.S. Department of Justice cleared both Bush and Merritts of any wrongdoing related to the subject of that investigation. But only after the change of Presidential administration, the Justice Department brought this PPP fraud case against Merritts based on an alleged loss amount of $20,832.

This prosecution reeks of selective prosecution as it is clearly not based on objective empirical data and, quite the opposite, Merritts would not be under indictment if he were not married to an outspoken former Democratic elected official.

### I.   Relevant Background

On March 20, 2025, Merritts was charged in an indictment with two counts of wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1). The indictment alleges fraud with respect to two pandemic-related relief programs, the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loans Program ("EIDL"). The loss amount alleged in this federal indictment is approximately $20,832. The indictment also contains a forfeiture allegation. (Doc. 1). Merritts has pleaded not guilty to each count and has denied the forfeiture allegation.

How this case arose is critical to the analysis necessary to consider this motion. Based on both media reporting[1] and discovery provided by the Government, this investigation followed the investigation into former Democratic Congresswoman Cori Bush for the alleged misuse of campaign funds for security services. As part of that investigation, Merritts was also investigated as he is the husband of Congresswoman Bush and provided her security services. In October 2023, Congresswoman Bush was cleared by the Office of Congressional Ethics for the payments to Merritts. At the close of its investigation into those matters, the U.S. Department of Justice did not pursue charges against Congresswoman Bush, Merritts, or anybody else because there was no crime committed.

As early as April 2024, the investigation into the charges currently pending against Merritts was ongoing. Indeed, based on representations from federal prosecutors for the Government to undersigned counsel in June of 2024, this case was ready to be presented to the grand jury. Yet, that did not occur then. Indeed, that did not occur at any point for the next six months.

It was not until March 2025—after a change in the Presidential administration and changes in leadership at the U.S. Department of Justice and the United States Attorney's Office for the District of Columbia—that this case was presented to the grand jury for indictment. (Doc. 1). While Merritts, as with any defendant, is certainly unaware of the internal machinations of the United States Attorney's Office, the circumstances under which this indictment was brought raise serious questions of a constitutional magnitude.

The United States Attorney's Office for the District of Columbia releases public statements regarding its ongoing and completed prosecutions. *See* District of Columbia | News | United States Department of Justice, https://www.justice.gov/usao-dc/pr (last visited October 10, 2025). When

---

[1] Justice Department investigating Democratic Rep. Cori Bush over alleged misuse of campaign funds | AP News

conducting a search of those press releases for cases involving PPP or EIDL, some startling distinctions become apparent. Merritts' total alleged loss is $20,832. With one exception for a Metropolitan Police Officer,[2] no PPP or EIDL case announced by the United States Attorney's Office for the District of Columbia has a loss amount of less than approximately $150,000—more than seven times the magnitude of this case. And, to be clear, this was not a circumstances where the Government can credibly respond by stating that it simply did not release public statements for cases smaller than that amount; after all, the United States Attorney's Office released a press statement in this case when Merritts was indicted based on approximately $20,000 in loss.[3] In that press release, the Government characterizes it as "more than $20,000" in government funds under the Economic Injury Disaster Loan Program (EIDL) and Paycheck Protection Program (PPP)." *See id*. Further, there are examples in the United States Attorney's Office's press releases that entities that imposed PPP or EIDL fraud losses on the Government exceeding $900,000 entered into *civil settlements* and faced *no criminal consequences*.[4]

## II.     This Indictment Should Be Dismissed Based on Selective Prosecution

While a "presumption of regularity applies to prosecutorial decisions . . . the Government cannot base its decision to prosecute on some unjustifiable standard, such as a defendant's 'political beliefs.'" *United States v. Judd*, 579 F. Supp. 3d 1, 4 (D.D.C. 2021) (quoting *Branch Ministries v. Rossotti*, 40 F. Supp. 2d 15, 21 (D.D.C. 1999), aff'd 211 F.3d 137 (D.C. Cir. 2000)). Indeed, in *Oyler v. Boles*, the Supreme Court explained: "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" unless "the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary

---

[2] https://www.justice.gov/usao-dc/pr/former-mpd-officer-pleads-guilty-covid-emergency-loan-fraud
[3] https://www.justice.gov/usao-dc/pr/indictment-charges-st-louis-man-covid-fraud
[4]   https://www.justice.gov/usao-dc/pr/six-non-profits-agree-pay-over-3-million-resolve-false-claims-act-allegations-involving

classification." 368 U.S. 448, 456 (1962). Bringing charges based on an unjustifiable standard, such as political affiliation, amounts to a "'practical denial' of equal protection of law" under the Due Process Clause of the Fifth Amendment. *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (citations omitted). This method of selecting defendants and bringing charges gives rise to a claim of selective prosecution. *Id.*

Ultimately, the question now before this Court is whether the law enforcement decision in this case "had a discriminatory effect" and was "motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465. In other words, the focus is on whether this defendant—Merritts—was "singled out." *United States v. Fares*, 978 F.2d 52, 59 (2d Cir. 1992). Here, the evidence of both discriminatory effect and purpose is strong.

To establish a discriminatory effect, a defendant must show that "similarly situated" individuals were not prosecuted. *Armstrong*, 517 U.S. at 465. Similarly situated requires "some degree of commonality among the indictable group, such that the defendant challenging his indictment may make a supportable demonstration that those unindicted persons are, in fact, similarly situated, and consequently, there must be an improper motive behind the selected individual's prosecution." *United States v. Blackley*, 986 F. Supp. 616, 619 (D.D.C. 1997). Merritts is, undeniably, similarly situated with any person subject to the jurisdiction of the United States Attorney's Office for the District of Columbia who has allegedly submitted false PPP or EIDL claims for losses under $30,000. This is not an unidentifiable or overly broad group to have the required commonality with. Merritts is the only known person in that group to be prosecuted for this crime, and that selection is improperly based on his marriage to an outspoken political opponent of the Presidential administration in office when he was prosecuted.

5

Because "direct evidence of motive or intent is rarely available," the defendant may establish discriminatory purpose either with direct evidence of discriminatory intent or with "statistical disparities or other indirect evidence" regarding the unequal application of the law. *Branch Ministries, Inc. v. Richardson*, 970 F. Supp. 11, 17 (D.D.C. 1997) (ordering discovery because while "Plaintiffs' evidence is by no means strong at this stage of litigation . . . without some discovery Branch Ministries could not be expected to have access to internal IRS documents, witness statements or other direct evidence of discriminatory intent"). The discriminatory purpose is implicit where, as here, one political administration does not bring charges against the husband of an outspoken Democratic former congresswoman, and the new political administration does—especially where that new administration is *not* prosecuting similarly situated people based on objective factors such as loss amounts.

### III.   Conclusion

Based on the foregoing, this Court should dismiss the indictment for selective prosecution. In the alternative, Merritts moves this Court to compel production of discovery related to: (1) the review, approval or declination, and presentation of charges against Merritts; and (2) the review, approval or declination, and presentation of charges of others for PPP or EIDL fraud with losses less than $30,000. Merritts further moves, following production of that discovery, for the Court to set an evidentiary hearing on this motion to dismiss.

//

//

//

//

//

    Respectfully submitted,

    **Margulis Gelfand DiRuzzo & Lambson, LLC**

    <u>*/s/ Justin K. Gelfand*</u>
    JUSTIN K. GELFAND (D.C. Bar 90023996)
    GREGORY P. BAILEY (D.C. Bar 1781925)
    1325 G St., NW, Suite 500
    Washington, DC 20005
    Telephone: 314.390.0234
    Facsimile: 314.485.2264
    justin@margulisgelfand.com
    greg@margulisgelfand.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the Clerk of Court and that all counsel of record received notice.

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND (D.C. Bar 90023996)
GREGORY P. BAILEY (D.C. Bar 1781925)
1325 G St., NW, Suite 500
Washington, DC 20005
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
greg@margulisgelfand.com
