# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 25-cr-00076-JMC** |
| | : | |
| **CORTNEY MERRITTS,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' OPPOSITION TO
## DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States of America respectfully opposes defendant Cortney Merritts's motion to continue the trial. The defendant asks this Court to reward him for filing a series of specious motions that consistently cite the wrong standard of law and that are largely designed to engage in baseless smearing of the government and to set up an unnecessary delay of trial. Should the Court grant that motion, the defendant will inevitably repeat the same tactics in advance of the next trial date.

First, the defendant filed a motion for reconsideration in which he failed to cite applicable case law from this district, and failed to present any evidence that the government misled the Court or that the Court patently misunderstood the parties, made a decision beyond the adversarial issues presented, or made an error in failing to consider controlling decisions or data; has identified no controlling or significant change in the law since these issues were decided; and has not demonstrated that harm would flow from a denial of reconsideration. His arguments instead are

based on complete distortions of the record, beginning with accusing the government of "hiding" a document produced immediately upon discovery despite having *no legal obligation to do so.*[1]

The only argument he makes that even approaches warranting reconsideration pertains to whether the parties and Court were all using the word target in a consistent fashion at the pretrial hearing. Even if the parties inconsistently used the word target, however, there is no basis for the defendant to obtain reconsideration. The defendant has still failed to identify why the details of the nature of the prior investigation are relevant to assessing the bias of any individual witness. The only potential witness to whom any of the documents in question could possibly be relevant is the IRS-CI agent who drafted the Subject Initiation Package, whom the government does not expect to call as a witness at trial. In any event, that motion is fully briefed and ripe for disposition.

Second, the defendant filed a motion to disqualify the assigned prosecutors and their office in which he also failed to cite applicable case law from this district making it abundantly clear that no conflict of interest exists. Further, he attempted to mislead the Court regarding the circumstances required to demonstrate an appearance of impropriety warranting disqualification, citing two Supreme Court cases that address standards applicable to the *judiciary*. A review of the applicable case law, cited throughout the government's opposition, makes clear that his motion is wholly meritless. He failed to show any misconduct by the prosecutors despite an obligation to do so by clear and convincing evidence or to cite a single case supporting his allegation of an

---

[1] *See United States v. Harold*, 734 F. Supp. 3d 1102 (D. Or. 2024) (Brady was inapplicable to defendant's selective prosecution claim, in prosecution for interstate riot; Brady required that government furnish defendant with evidence relevant to guilt or innocence, or impeachment, not to what Armstrong, 116 S.Ct. 1480, described as an independent assertion that prosecutor had brought charge for reasons forbidden by the Constitution.") As the Ninth Circuit has summarized, "Armstrong was ... premised on the notion that the standard of discovery for a selective prosecution claim should be nearly as rigorous as that for proving the claim itself"—and accordingly, "the standard was intentionally hewn closely to the claim's merits requirements." Sellers, 906 F.3d at 852 (citing Armstrong, 517 U.S. at 468, 116 S.Ct. 1480).

appearance of impropriety. As with his motion for reconsideration, this motion does not present a close question. And contrary to yet another false assertion of law he makes, any decision on that motion is not likely to be subject to appellate review. An order denying the disqualification of a prosecutor does not meet the criteria for immediate appeal under the "collateral order" exception to the final judgment rule. *See United States v. Heldt*, 668 F.2d 1238 (D.C. Cir. 1981) (citing *In re April 1977 Grand Jury Subpoenas*, 584 F.2d 1366, 1369 (6th Cir. 1978) (en banc) (denial of disqualification motion not appealable because delay could "exert unwarranted influence in the government's choice of its prosecuting attorney"), *cert. denied*, 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979).).[2]

Finally, the defendant points out that there is still a motion to authorize disclosure of a tax return pending. That motion has been fully briefed, with the defendant's opposition filed weeks ago, on December 16, 2025. That motion also presents no serious issues warranting any delay of trial. It sets forth the basic standard for admission of tax information in a non-tax-related case and explains why the government has met that standard. The defendant's strategic decision not to

---

[2] D.C. Circuit precedent is consistent with Supreme Court precedent. *In Firestone Tire & Rubber Co. v. Risjord*, the Supreme Court held that a pretrial denial of a motion to disqualify counsel in a civil case is not appealable prior to trial under 28 U.S.C. § 1291 as a final collateral order. 449 U.S. 368 (1981). And in *Flanagan v. U.S.*, the Supreme Court held that the district court's pretrial disqualification of defense counsel in a criminal prosecution was not immediately appealable. *Id.*, 465 U.S. 259 (1984). Notably, other circuit courts to consider the exact issue of whether an order denying a defendant's motion to disqualify a prosecutor are appealable have also held that they are not. *See United States v. Barron*, 703 F.2d 270, 270 (7th Cir. 1983) (holding "we are confident that an order denying a defendant's motion to disqualify opposing counsel is not appealable in criminal any more than in civil cases"); *United States v. Caggiano*, 660 F.2d 184, 189 (6th Cir. 1981) (holding "an order denying a motion to disqualify is not appealable under [28 U.S.C. § 1291]").

respond to the merits of that motion until a "different day," ECF No. 45 at 8, is just another example of his creating unnecessary delays in the effort to postpone trial.

      To the extent any pending motions require oral argument, the government trusts that this Court is capable of hearing further argument and rendering decisions on or about the scheduled trial date.

      For the foregoing reasons, the defendant's motion to continue trial should be denied.

             Respectfully submitted,

             JEANINE FERRIS PIRRO
             UNITED STATES ATTORNEY

By:       /s/ *Emily A. Miller*
             EMILY A. MILLER (D.C. Bar No. 462077)
             Assistant United States Attorney
             United States Attorney's Office
             District of Columbia
             601 D Street NW
             Washington, DC 20530
             Office: (202) 252-6988